UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David W.,

        Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*,[1]

        Defendant.

No. 25-cv-00186 (KMM/DJF)

**ORDER**

Plaintiff David W. brought this action after Defendant Commissioner of Social Security issued a denial of his application for Disability Insurance Benefits and the Administrative Law Judge (ALJ) affirmed that denial. Before the Court is United States Magistrate Judge Dulce J. Foster's Report and Recommendation (R&R) (Dkt. 19) recommending that Plaintiff's request for relief be granted in part and that the matter be remanded for further administrative proceedings. No objections have been filed.[2] As explained below, the Court adopts the R&R.

---

[1] When the Complaint was filed on January 16, 2025, Carolyn Colvin, who was the Acting Commissioner of the Social Security Administration, was named as the defendant in this action. (Dkt. 1.) Frank Bisignano became the Commissioner of Social Security on May 7, 2025, and has been substituted as the defendant under Rule 25(d) of the Federal Rules of Civil Procedure. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

[2] On October 1, 2025, the Court granted an administrative stay in response to the federal government shutdown. The order granting the stay extended "[a]ll Social Security deadlines, due dates or cut-off dates . . . for a period equivalent to the duration of the" shutdown. (Dkt. 18 at 2.) Even under the most generous reading of that order, the deadline for filing timely objections to the R&R has passed.

## DISCUSSION

In the absence of objections, courts review an R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). After carefully reviewing Judge Foster's R&R, the Court finds no error, clear or otherwise.

The ALJ considered three aspects of Plaintiff's health issues when determining his residual functioning capacity: (1) gastrointestinal issues; (2) fatigue; and (3) need for a structured setting given his mental health condition. As to the first two categories, Judge Foster found that the ALJ considered the record as a whole and made findings that "are supported by substantial evidence." *McKinney*, 228 F.3d at 863. Indeed, as noted in the R&R, the limitations noted in Plaintiff's residual functioning capacity, which account for these conditions, indicate as much. (*See, e.g.*, Dkt. 19 at 17 (noting the "limitation in Plaintiff's RFC that he must have ready access to a restroom").) The Court finds no clear error in the reasoning set forth in the R&R. (*See* Dkt. 19 at 14–19.)

However, as to the third category, Judge Foster found that there is inadequate explanation of how the evidence supports a finding that Plaintiff does not "need" a structured setting, especially where Plaintiff's improvements may be attributable, at least in part, to the structured settings he had. (*See* Dkt. 19 at 21–22 (stating that "the [ALJ's] Decision does not address the extent to which the ongoing structural support Plaintiff received . . . was necessary to maintain [his] improvement"). Again, the Court sees no clear error in this conclusion and therefore remands for the Commissioner to consider whether and to what extent Plaintiff's need for a structured setting impacts his residual functioning

capacity. "That analysis should include a determination of the extent to which Plaintiff's symptoms may have been mitigated by the supports and structure of his daily life, and whether Plaintiff is 'more impaired for work than [his] signs and symptoms would indicate' because of such supportive, structured, stress-minimizing environments." *Id.* at *10 (quoting *Lillard v. Berryhill*, 376 F. Supp. 3d 963, 983–84 (E.D. Mo. 2019)) (alteration in *Branson A. L.*).

Similarly, as Judge Foster found, the ALJ's determination that Plaintiff is not disabled because he does not meet the criteria listed in Paragraph C is not adequately supported by evidence. (*See* Dkt. 19 at 10–13.) As noted in the R&R, "[t]he ALJ's assessment of the paragraph C criteria was brief and conclusory," reiterating the language of the statutory requirements without citing evidence from the record to support a finding on whether those requirements were met. (*Id.* at 11.) Without more, it is difficult to meaningfully review the decision. *See Tyrone M. v. Berryhill*, No. CBD-17-3096, 2019 WL 1239803, at *3 (D. Md. Mar. 15, 2019) (stating that "[a]n ALJ has a duty to explain [their] decision so as to enable meaningful judicial review") (citing *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987)).

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 19) is **ACCEPTED**;

2. Plaintiff's Request for Relief (Dkt. No. 12) is **GRANTED IN PART**;

3. Defendant's Request for Relief (Dkt. No. 17) is **DENIED**;

      4.      This matter is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings not inconsistent with this Order; and

      5.      This matter is **DISMISSED WITH PREJUDICE**.

**Let judgment be entered accordingly.**

Date: February 11, 2026                                _s/Katherine M. Menendez_
                                                                  Katherine M. Menendez
                                                                  United States District Judge